## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT SMITH, <br><br> *Plaintiff*, <br><br> v. <br><br> BIERMAN GROUP, LIMITED LIABIL-ITY COMPANY, <br><br> *Defendant*. | Case No. _____ <br><br><br> **COMPLAINT** <br><br> **Injunctive Relief Sought** |

Plaintiff Scott Smith, by and through the undersigned counsel, brings this action against Defendant Bierman Group, Limited Liability Company, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations and alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities.

2.     Defendant owns the multi-tenant commercial building known as "1285 Bollenbacher Drive". To the extent it was constructed and first occupied after January 26, 1993 or was altered after January 26, 1993, "1285 Bollenbacher Drive" was required to be designed and constructed to be readily accessible to persons with disabilities. To the extent "1285 Bollenbacher Drive" was not constructed or altered before January 26, 1993, it was required to remove barriers to access to the extent barrier removal was readi-

- 1 -

ly achievable. Defendant has failed to remove architectural barriers at the multi-tenant commercial building known as "1285 Bollenbacher Drive".

3.     The violations alleged in this complaint occurred at "1285 Bollenbacher Drive", located at 1285 Bollenbacher Dr, Northfield, MN 55057.

4.     Defendant's failure to provide equal access to "1285 Bollenbacher Drive" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

5.     Defendant's conduct constitutes an ongoing and continuous violation of the law.

6.     Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

7.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

8.     Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

9.     Plaintiff Scott Smith is a resident of the city of Burnsville, Minnesota. Plaintiff Smith suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

10.     Mr. Smith suffers from arthrogryposis, a rare and disabling congenital joint contracture that for Mr. Smith results in muscle weakness and an inability to stand or walk. Mr. Smith uses a wheelchair for mobility. As a person with a disability, Mr. Smith has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

11.     Defendant Bierman Group, Limited Liability Company, a Minnesota limited liability company, is the operator and lessee of the real property and improvements which are the subject of this action, the multi-tenant commercial building known as "1285 Bollenbacher Drive", a place of public accommodation within the meaning of the ADA, located at the street address of 1285 Bollenbacher Dr, Northfield, MN 55057.

## FACTUAL BACKGROUND

12.     On June 23, 2018 Plaintiff Smith attempted to visit "1285 Bollenbacher Drive" in Northfield, Minnesota.

13.     "1285 Bollenbacher Drive" had several tenant businesses, including Just Right Mattress, Edina Realty, and Bierman's Floor Coverings.

14.     Plaintiff was interested in shopping at Just Right Mattress, as he was looking for a new mattress and had heard that Just Right Mattress had good prices and made deliveries.

15.     The "1285 Bollenbacher Drive" customer parking lot had 70 total parking spaces on Plaintiff's June 23, 2018 visit.

16.     Plaintiff found 3 parking spaces reserved as accessible parking spaces reserved through posted signage.

17.     Curb ramps and their flares projected into all 3 of the parking spaces reserved as accessible parking spaces and the access aisles adjacent to these reserved parking spaces.

18.     The exterior side of the entrance to Just Right Mattress tenancy did not have a level maneuvering clearance.

19.     A photograph in Exhibit A to this Complaint depicts the parking lot near Just Right Mattress as it appeared on June 23, 2018.

20.     Plaintiff lives in Burnsville, Minnesota. He frequently travels throughout Minnesota, including Northfield. He attempted to patronize "1285 Bollenbacher Drive", but was deterred, due to the lack of accessible parking.

21.     In light of the architectural barriers at "1285 Bollenbacher Drive", Plaintiff is deterred from visiting "1285 Bollenbacher Drive" in the future. Plaintiff would like to be able to patronize "1285 Bollenbacher Drive", but these architectural barriers deter him from doing so. He plans to return and patronize "1285 Bollenbacher Drive" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

22.     Plaintiff attempted to access Defendant's premises but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA, Plaintiff cannot independently access the

facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

23.    The architectural barriers alleged in this complaint also violate Minnesota Human Rights Act, Minn. Stat. Chapter 363A.  Notice of the architectural barriers at "1285 Bollenbacher Drive" as required under Minn. Stat. 363A.331, subd. 3, is hereby given and attached as Exhibit B to this complaint.

## FACTUAL ALLEGATIONS

24.    Defendant has discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "1285 Bollenbacher Drive". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "1285 Bollenbacher Drive" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "1285 Bollenbacher Drive" had 70 total parking spaces in the customer parking lot and had 3 parking spaces reserved as accessible parking spaces but had fewer than the 3 required parking spaces complying with ADAAG 502, in violation of ADAAG 208.2. Plaintiff requires accessible parking spaces which comply with all elements of 502 (including location, width, length, signage, slope, and presence of an access aisle) to ensure he can park safely, make a safe transfer between his vehicle and the parking lot, and travel safely between the parking lot to the building entrance.

   b. All 3 parking spaces and their adjacent access aisles contained slopes steeper than 1:48, in violation of ADAAG 406.5 and 502.4. Plaintiff requires

level surfaces to park safely and to make a safe transfer between his vehicle and the parking lot.

c.  The entrance to the Just Right Mattress tenancy lacked a level maneuvering clearance at least 60 inches perpendicular to the doorway and for the full width of the doorway plus 18 inches beyond the latch side parallel to the doorway, in violation of ADAAG 404.2.4 and 404.2.4.4. Plaintiff requires a level surface to safely open a door and navigate the doorway.

25.    The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "1285 Bollenbacher Drive". To qualify as an accessible parking structure, and for a parking space to qualify an accessible parking space, the space must be located on an accessible route, the route must be the shortest accessible route, the space must be marked by appropriate signage, the space must be flanked by an access aisle, and the space and access aisle must comply with sloping requirements. ADAAG 206; 208; 216, Chapter 4 including but not limited to 402, 403, 404, 405, and 406; and 502 – including, but not limited to, 502.4 which governs the floor or ground surfaces of both parking spaces and access aisles.

26.    In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "1285 Bollenbacher Drive" in order to photograph and measure all such barriers to access and violations of the ADA and ADAAG.

27.    Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 to the extent the facility was designed and constructed, or altered, after January 26, 1993, and the violations to the ADAAG requirements are not a result of compliance being structurally impracticable. 28 C.F.R § 36.401(a)(1).

28.    In the alternative, to the extent any architectural elements were constructed prior to that date, compliance with the ADA standards and the ADAAG is required by 42

U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers.

29.     Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

30.     As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

31.     Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "1285 Bollenbacher Drive" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

### FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

32.     Plaintiff incorporates and realleges the above paragraphs.

33.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

34.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

35.     Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "1285 Bollenbacher Drive" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

36.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

37.     Defendant has failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers was required and is readily achievable.

38.     Plaintiff plans to visit "1285 Bollenbacher Drive" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "1285 Bollenbacher Drive" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

39.     This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "1285 Bollenbacher Drive" readily accessible to and independently usable by individuals with disabilities to the ex-

tent required by the ADA and ADAAG, and/or to close "1285 Bollenbacher Drive" until such time as Defendant cures the access barriers.

40.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a.  That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b.  That the Court award nominal damages.

c.  That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), and 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to remove all barriers to the maximum extent feasible or in the alternative make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

    d.  That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 or as otherwise provided by law; and

    e.  That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED:  September 19, 2018

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805